IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY LEE BLANDENBURG,

    Petitioner,

v.                                                        CASE NO. 5:12-cv-252-RS-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2000 Jackson County jury-trial conviction for burglary with assault or battery, kidnaping, grand theft auto, and robbery. Doc. 1. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 22. Petitioner has filed a response in opposition to the motion. Doc. 25. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Procedural History

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records, and Petitioner does not contest the accuracy of that summary. Briefly, Petitioner was sentenced to life in prison as a prison releasee reoffender on June 13, 2000. On July 18, 2001, the First District Court affirmed, per curiam, without a written decision. Doc. 22 Exh. E; *Blandenburg v. State*, 793 So. 2d 930 (Fla. 1st DCA 2001). Petitioner's motion for rehearing was denied on August 22, 2001. Exh. F, G. On October 8, 2002, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. On June 30, 2004, the trial court entered an order denying postconviction relief. Exh. K. On December 29, 2004, the First District Court affirmed, per curiam, without a written decision. Exh. N. Petitioner's motion for rehearing was denied, and the mandate issued February 22, 2005. Exh. Q.

On January 3, 2011, Petitioner filed a "Notice to Vacate Void Judgment" in the Jackson County Circuit Court. Exh. R. On March 22, 2011, the court entered an order dismissing the Notice to Vacate Void Judgment. Exh. S. Petitioner filed his federal petition for writ of habeas corpus on August 5, 2012. Doc. 1.

## Discussion

Petitioner's conviction became final on or about November 21, 2001, following the affirmance of his conviction and after the 90-day period for filing a petition for a writ

of certiorari in the U.S. Supreme Court elapsed. Petitioner thus had until on or about November 22, 2002, to file his federal petition for habeas corpus relief, unless the limitations period was statutorily tolled. Petitioner filed his motion for postconviction relief on October 8, 2002, at which point 321 days had run in the limitations period. The 3.850 proceeding tolled the federal limitations period through the date of the issuance of the First DCA's mandate on February 22, 2005. Petitioner at this point had only 44 days left in the federal limitations period, or until April 7, 2005, within which to file his habeas petition.

Petitioner filed nothing further in the state court until January 3, 2011, almost six years after the expiration of the limitations period, when he filed a "Notice to Vacate Void Judgment" in the trial court. At that point, the federal limitations period had expired and therefore the "Notice" had no tolling effect because there was nothing left to toll. *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000)(stating "[u]nder §2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). It is therefore clear that the instant Petition is time-barred.

Petitioner does not contend that his Petition is timely. Rather, he contends that his conviction is "void" due to "extrinsic fraud" on the state court because he allegedly never received a copy of an amended information prior to the trial in his case. Doc. 25.

To the extent Petitioner's claim may be liberally construed as asserting that he is entitled to equitable tolling of the limitations period, he has not shown that he is entitled to such relief. "Equitable toling can be applied to prevent the application of AEDPA's

statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner's claim that he did not receive an amended information prior to his trial has no bearing on whether he could have pursued timely federal habeas relief following his conviction and exhaustion of state remedies. The Petition is plainly due to be dismissed as time-barred.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 22, be **GRANTED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 4th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**